**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**GERALDINE TALLEY HOBBY,**

**Plaintiff,**

**v.**

**BENEFICIAL / HOUSEHOLD MEMBER HSBC, et al.,** — **Civil Action No. 2:05cv238**

**Defendants;**

**FIRST BAPTIST CHURCH OF LOGAN PARK, et al.,** — **Civil Action No. 2:05cv247**

**Defendants;**

**CITY OF NORFOLK, et al.,** — **Civil Action No. 2:05cv274**

**Defendants.**

**ORDER and OPINION**

______On July 27, 2005, this court entered an order that denied the pro se plaintiff's renewed motions to proceed in forma pauperis in the above-referenced cases. The court also determined sua sponte, in the course of reviewing the various filings made in these cases, that the plaintiff had failed to state claims upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). Prior to dismissing these cases, the court provided the plaintiff, in the July 27, 2005 order, with notice and an opportunity to respond. The plaintiff did submit responses on August 8, 2005 and on August 9, 2005. In reviewing these submissions, the court still cannot find that the plaintiff has alleged any cognizable claims. Accordingly, for the reasons stated herein, and with reference to the court's prior orders of May 18, 2005 and July 27, 2005, and the July 26, 2005 order of this

court in civil action number 2:05cv110, the above-referenced cases are **DISMISSED**.

I. Background

The procedural history of these cases is fully detailed in the court's prior orders of May 18, 2005 and July 27, 2005 and the court will not reiterate this history herein. In its order of July 27, 2005, the court instructed the pro se plaintiff that any submission by her in response to the court's proposed dismissal, which necessarily would involve setting forth cognizable claims for relief, should be in the format described in Federal Rule of Civil Procedure 8(a). The plaintiff was instructed to provide a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim for relief and a demand for judgment for the relief the plaintiff seeks. See Fed. R. Civ. P. 8(a). The court informed the plaintiff that it would not accept the types of filings that the plaintiff had thus far submitted, which were comprised of conclusory allegations, and irrelevant facts and authority, rendering the task of ascertaining any cognizable claims exceedingly difficult.

A. August 8, 2005 Submission

On August 8, 2005, the Clerk's Office received a Federal Express package containing a personal check in the amount of $250.00 and a number of handwritten documents apparently relating to the instant cases and to the plaintiff's appeal of a decision of the bankruptcy court that was subsequently dismissed by this court in an order entered on August 10, 2005. See Civil Action Number 2:05cv110.

Unfortunately, the plaintiff's August 8, 2005 submission is not in the prescribed format. Many of the documents filed appear to relate to the plaintiff's attempt to proceed in forma pauperis both in her bankruptcy appeal and in the instant cases. In July 27, 2005 order, the court

fully addressed this issue and will not revisit it. Moreover, this issue was secondary to the need for the plaintiff to establish reasons why the instant cases should not be dismissed for failure to state valid claims for relief. In fact, in its July 27, 2005 order, the court refrained from setting a time for the plaintiff to pay any fees until after the court had reviewed any response submitted by the plaintiff to the proposed dismissal outlined therein. Accordingly, and for the reasons expressed in the Order and Opinion of July 27, 2005, the court will not reconsider its determination that the plaintiff is not entitled to proceed in forma pauperis.

      B. August 9, 2005 Submission

On August 9, 2005, the plaintiff submitted another series of documents which better conform to the court's directions as contained in the July 27, 2005 order. In civil action numbers 2:05cv247 and 2:05cv274, the plaintiff has provided statements of the case, which set forth her claims in a far more organized fashion than anything this court has received to date. In civil action number 2:05cv238, the plaintiff has submitted a motion for a court appointed attorney.

A problem with the August 9, 2005 submission as relates to all three of the above-referenced cases is that it is untimely. The court, in its July 27, 2005 order, allowed the plaintiff a period of eleven (11) days from the date of that order to submit any and all responses. This time period expired on August 8, 2005. See Fed. R. Civ. P. 6(a) (describing computation of time). While a one day variance might not seem significant, the court cannot completely overlook it given the plaintiff's history of non-compliance with the procedural requirements of this court. The court also notes that the plaintiff evidently understood this requirement as she submitted a separate and timely response on August 8, 2005. Finally, the plaintiff has provided no explanation as to why this response was not timely filed. Although the court will consider the

substance of the August 9, 2005 submission, and not reject it on untimeliness grounds alone, this failure to follow the specific directions of the court serves as another example of how even when the plaintiff has been afforded additional opportunities to follow the necessary procedural rules, she has declined to do so. Although documents filed by a pro se plaintiff are held to less stringent standards than if prepared by counsel and are construed liberally, such generous construction has limits, and the plaintiff must abide by the required procedural rules. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Pardasani v. Martin Marietta Material Inc., 2004 U.S. Dist. Lexis 4464, at *7-8 (M.D.N.C. Jan. 8, 2004).

## II. Discussion

As outlined more extensively in the order of July 27, 2005, the purpose of Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint. See Luy v. Baltimore Police Dept., 326 F. Supp. 2d 682, 687 (D. Md. 2004). Because the court is testing the legal sufficiency of the claims, the court is not bound by the plaintiff's legal conclusions. See Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001) (noting that the "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)" when facts alleged do not support legal conclusions). The plaintiff's cases should be dismissed only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim[s] which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46.

There are reasonable limits on how far the court should go to liberally construe a pro se plaintiff's pleadings. Beaudette v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985). Federal Rule of Civil Procedure 8 provides that a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed R. Civ. P. 8(a)(2).

This short and plain statement must provide "fair notice of the plaintiff's claims and grounds for relief." Smith v. St. Bernards Reg. Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). As the court discusses herein, the plaintiff's submissions fail to do so. Although the court ordinarily may not consider extrinsic evidence, the court may review documents referred to in the complaint and relied upon by the plaintiff in bringing the action. See Abadian v. Lee, 117 F. Supp. 2d 481, 485 (D. Md. 2000). The court finds the consideration of certain documents submitted by the plaintiff helpful in trying to determine the outlines of the plaintiff's claims.

Although not styled as such, the court assumes, after reviewing the plaintiff's August 9, 2005 submission and its references to various constitutional and civil rights violations, that the plaintiff is attempting to proceed under 42 U.S.C. § 1983 for at least some of her claims. Section 1983 imposes civil liability on a state official who, under color of state law, deprives any citizen of the United States of any right secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983. To hold a defendant liable under section 1983, the court must first determine whether the defendant acted under color of state law, and "whether the plaintiff has been deprived of a right 'secured by the Constitution and its laws.'" Baker v. McCollan, 443 U.S. 137, 140 (1979). A negative answer to either inquiry results in the failure of the § 1983 action. See id.; McDonald v. Dunning, 760 F. Supp. 1156, 1160 (E.D. Va. 1991).

To state a claim against a municipal entity, a plaintiff must allege facts to support a finding that: (1) officials who, under state law, have final policymaking authority for that entity; (2) officially sanctioned or ordered the unconstitutional acts. Dotson v. Chester, 937 F.2d 920, 924 (4th Cir. 1991). In other words, the plaintiff must allege that an official policy of that entity, as ordered by someone with the authority to speak for that entity, led to the violation of her

rights. Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999).

The plaintiff also alleges various harms that may liberally be construed to allege tortious conduct by the City of Norfolk and its agents. With respect to any tort claims that the plaintiff may seek to bring against the City of Norfolk, it is clear that in Virginia, "'as a general rule, the sovereign is immune . . . from actions at law for damages.'" Carter v. City of Danville, 164 F.3d 215, 221 (4th Cir. 1999) (quoting Hinchey v. Ogden, 226 Va. 234 (1983). It is plain that such protection extends to municipalities in the exercise of their governmental functions, several of which are certainly the maintenance of police and fire departments and a city attorney's office. See id. (citing Hoggard v. City of Richmond, 172 Va. 145 (1939)).

When ruling on a motion to dismiss, matters of public record and similar materials, and documents attached to the complaint and other materials that are subject to judicial notice may be considered by the court. See Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312 (4th Cir. 1995). Because the facts and claims in the plaintiff's bankruptcy appeal in civil action 2:05cv110, and the underlying bankruptcy proceedings referenced therein, are closely related to those presented in the above-referenced cases, the court takes judicial notice of these proceedings. See Ellis v. Cates, 178 F.2d 791, 793 (4th Cir. 1949) (noting that judicial notice of other proceedings pending before the court with the same parties may be appropriate as logic dictates and justice permits); In re Hobby, 2005 Bankr. Lexis 1183, at *4-5 (Bankr. E.D. Va. June 3, 2005).

With these standards in place, the court turns to a review of the plaintiff's August 8 and 9, 2005 submissions. In doing so, the court need not discuss the plaintiff's prior filings, as these are discussed in greater detail in the court's order of July 27, 2005.

A. August 8, 2005 Submission

Despite the failure of the plaintiff to adhere to this court's instruction to present any response in the form directed by the court, the court has endeavored to review the substance of the August 8, 2005 submission and determines that the plaintiff has not set forth any claim that could survive the proposed dismissal outlined in the order of July 27, 2005. Thus, the court concludes that the plaintiff's August 8, 2005 submission fails to remedy her prior failure to set forth any cognizable claims.

Beyond the various documents related to her financial situation, which are not responsive to the deficiencies in her claims, the plaintiff has submitted lists of alleged violations. The plaintiff claims that she has suffered violations of her constitutional and civil rights and asserts that she has experienced harm from the defendants' violations of state and federal statutes. Other than setting forth a conclusory listing of the constitutional and statutory provisions which she believes have been violated, the plaintiff sets forth no factual contentions in support of these vague legal claims. Although the court is to construe the pleadings of a pro se plaintiff liberally, this does require the court to construct meritorious claims from mere conclusory allegations with no factual support. See Beaudette v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).

The plaintiff also claims to have suffered a violation of God's laws, defamation of character, harassment and abuse, a conspiracy to deprive her of her property and the results of unethical legal practices. No facts are pled in support of these claims and, as the court observed in its order of July 27, 2005, the court is without jurisdiction, absent a federal connection, to consider this series of harms that the plaintiff claims to have suffered.

Many of the plaintiff's factual allegations in the August 8, 2005 submission relate to

bankruptcy proceedings that have been the subject of separate treatment by this court. The court notes that there is no remedy available to the plaintiff arising from the completed foreclosure and sale of her former home. As much as the plaintiff might desire it, the court is unable to reverse that sale under any theory that the plaintiff might offer. "If the debtor fails to obtain a stay, and if the property is sold in the interim, the district court will ordinarily be unable to grant any relief. Accordingly, the appeal will be moot." Matter of Sullivan Central Plaza, I, Ltd., 914 F.2d 731, 733 (5th Cir. 1990).

Accordingly, for these reasons and those stated more fully in the court's order of July 27, 2005, the court's order of July 26, 2005 in civil action number 2:05cv110 and the bankruptcy proceedings that were the subject of that appeal, the court finds that the plaintiff has failed to allege claims for relief in the course of her August 8, 2005 submission.

  B. August 9, 2005 Submission

The plaintiff's submission of August 9, 2005, although better organized, still contains the same conclusory and unsupported allegations that the plaintiff has relied on in her assortment of pleadings relating to all three cases. The plaintiff has separated her claims by their respective civil action numbers and the court considers these claims in the same manner.

  1. Civil Action Number 2:05cv274

In her statement of the case related to this lawsuit, the plaintiff raises seven separate issues for the court's attention. Prior to discussing each issue, the plaintiff recites portions of the Fourteenth Amendment to the Constitution and claims that the Supreme Court has given citizens the right to sue local governments who violate or infringe upon the civil rights of citizens. She claims that such rights include: freedom of speech, freedom of religion, right to trial by jury, right

to counsel, right against self-incrimination, right against unreasonable searches and seizures and the right against cruel and unusual punishment. She then engages in a synopsis of the Due Process Clause, and references the incorporation doctrine, the Eighth Amendment and the Civil Rights Act. As set forth herein, the plaintiff has alleged no facts that would support any of the above-referenced constitutional rights such that an action under section 1983 could exist. See Baker v. McCollan, 443 U.S. at 140 (noting that plaintiff must allege violation of constitutional right in order for liability under section 1983 to arise).

The plaintiff first alleges that she experienced harm as a result of the desegregation of the City of Norfolk public schools in the late 1950s following the Supreme Court's decision in Brown v. Board of Education, 347 U.S. 483 (1954). She appears to claim that Norfolk's actions in failing to timely comply with the desegregation ruling resulted in some unspecified harm. She also claims that the City of Norfolk public school system infringed upon her rights as a substitute teacher when a student made an unfounded accusation against her. Although the court has no doubt that the plaintiff did experience difficulty as a result of the integration of the Norfolk public schools, the court cannot perceive any constitutional violation that would be supported by these alleged facts. See United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979). (noting that court need not accept conclusory factual allegations devoid of any reference to any legal claim).

Second, the plaintiff claims that her property was cited for violations of city ordinances without any supporting reasons. The plaintiff contends that she received only vague statements, but no assistance from the City of Norfolk. The plaintiff concludes that unspecified procedures, processes and policies were violated and abused.

This claim is specifically undercut by a copy of a document that the plaintiff provided in her August 8, 2005 submission, which reveals that the plaintiff was issued a show cause order by the Circuit Court for the City of Norfolk to appear before that court on July 21, 2005 for trial on a misdemeanor appeal based on the charges of occupying a placarded building eight times; failure to repair structure; failure to repair fence; failure to repair exterior; failure to repair scrape/paint; failure to repair roof; failure to repair defective cornices; and failure to repair defective window and door frames. Thus, if the plaintiff was cited for ordinance violations by the City of Norfolk, the documents she has produced in her August 8, 2005 submissions certainly contain reasons for such citations. Again, the court cannot ascertain a cognizable constitutional violation resulting from an allegation that unspecified policies of a municipality are unconstitutional. See Carter v. City of Danville, 164 F.3d 215, 216 (4th Cir. 1999).

Third, the plaintiff claims that the fire department got involved in an issue concerning her property and had the plaintiff arrested. The plaintiff claims that she was arrested falsely and without cause. She again claims that procedures, processes and policies were violated and abused. No supporting or identifying facts are plead that would support such a conclusory legal claim. This claim is also undercut by a document the plaintiff included in her August 8, 2005 submission sent from the Norfolk Police Department to the plaintiff on July 14, 2005. The document indicates that the plaintiff was charged with failure to appear and the unlawful accumulation of waste and that the document had been forwarded by the Circuit Court for the City of Norfolk to the Norfolk Police Department for service. Another document attached to the August 8, 2005 submission is a capias order from the Circuit Court of the City of Norfolk, authorizing a law enforcement officer to arrest the plaintiff for her failure to appear in court on

June 29, 2005 on a charge of the unlawful accumulation of waste.  It appears as if the capias order was executed on July 21, 2005, and the plaintiff was released on a $10,000 unsecured bond until her case commences on August 18, 2005.

Although it is not clear that this is the alleged unlawful arrest to which the plaintiff refers to in this claim, as the above-described documents were submitted behind a handwritten document entitled "False Arrest," the court believes they do pertain to the plaintiff's claim of false arrest.  These documents rebut the plaintiff's conclusory claim that she was falsely arrested without cause and, in fact, establish that valid cause did exist for the capias order.

Fourth, the plaintiff also claims that the City Attorney's Office for the City of Norfolk has abused its authority in the application of unspecified policies, procedures and practices.  The plaintiff contends that she experienced harassment as well as infringement of her rights and freedom.  The court finds, however, that the plaintiff has failed to allege any unconstitutional policy or custom with the necessary precision that would support this claim.  See Carter, 164 F.3d at 216.  The plaintiff "cannot rely upon scattershot accusations of unrelated constitutional violations" in making the claims that unspecified policies and procedures violated unspecified rights.  Id. at 218.  "The challenged policy or custom cannot merely be the abstract one of violating citizens' constitutional rights."  Id.

Fifth, the plaintiff claims that she received continuously high water bills which appeared to sabotage her property.  Again, the court cannot not identify any valid legal claim stemming from such an allegation.  See Hirst, 604 F.2d at 847.

Sixth, the plaintiff claims that she experienced cruel and unusual punishment resulting from her arrest and the "brutal attempt to give the plaintiff a police record."  Although the

plaintiff repeatedly utilizes the language of the Eighth Amendment in alleging that she experienced "cruel and unusual punishment," the Eighth Amendment does not apply to the plaintiff. The protections of the Eighth Amendment do not come into play until a conviction and sentence and the plaintiff has not pled facts to support such application. Graham v. Connor, 490 U.S.386, 392 n6 (1989). Moreover, the plaintiff alleges no facts in support of her claim of excessive force and, from the documents the plaintiff submitted on August 8, 2005 relating to a capias order for her arrest, it fully appears to the court that the plaintiff is not alleging that the police used excessive force in any arrest or that the police inflicted any punishment upon her. The court cannot allow such a conclusory legal claim to proceed absent needed factual support. See Beaudette, 775 F.2d at 1277.

Seventh, and finally, the plaintiff contends that she was told that the Titustown Civic League was involved in citing her property for repairs and "this needs to be investigated." As with many of the plaintiff's other claims, the court perceives no legal claim arising from this allegation. See Hirst, 604 F.2d at 847.

2. Civil Action Number 2:05cv247

With respect to civil action number 2:05cv247, the plaintiff states that her case arises out of the concerted actions of the City of Norfolk, the First Baptist Church of Logan Park and Beneficial Mortgage in a conspiracy to obtain the homeowner's property by any means necessary. The plaintiff claims that she was subject to unethical, aggressive and harassing real estate practices; unethical aggressive and harassing attorney practices including improper recordation; and non-compassionate tactics used by the Church "in order to obtain the property of the plaintiff through a conspiracy to do so with 'unjust' treatment which goes against humanity

and the principles of my Lord and Savior JESUS CHRIST."

In reviewing this statement of the case, the court is first at a loss to even identify the outlines of any cognizable claim. See Beaudette, 775 F.2d at 1277. Furthermore, even if some actionable wrong is alleged, a bare conclusory allegation of "conspiracy" or "concerted action" will not suffice. Allegations that the defendants' actions combined to injure the plaintiff are not a sufficient basis from which to imply a conspiracy. See Davis v. Sprouse, 405 F. Supp. 45, 46 (E.D. Va. 1975). This statement of the case alleges no factual grounds whatsoever for the charges contained therein. In the court's view, this document does not fairly notify the defendants of what this claim is, nor of the grounds on which it rests. Conley, 355 U.S. at 47-48.

The court is also mindful that the plaintiff lost the subject property in question as a result of a valid foreclosure proceeding after a decision of the bankruptcy court lifted the automatic stay preventing the plaintiff's creditors from foreclosing. As such, the plaintiff's allegations run contrary to those facts established through the proceedings in bankruptcy court. Furthermore, the plaintiff's own documents bely her claims. Attached to the August 8, 2005 submission, in reference to Civil Action Number 2:05cv110, is a Status of Title that reveals that the property formerly owned by the plaintiff, has been conveyed to First Baptist Church Logan Park, by trustee's deed from a substitute trustee under a deed of trust made by the plaintiff, dated January 18, 2005 and recorded May 4, 2005. Accordingly, the plaintiff has failed to state a valid claim for relief with respect to civil action number 2:05cv247.

3. Civil Action Number 2:05cv238

Although the plaintiff did not submit a statement of the case in civil action number 2:05cv238, she did tender a motion for court-appointed counsel. The court observes, however,

that a rebuttable presumption exists against the right to appointed counsel in civil cases. See In re Lassiter, 452 U.S. 18, 31 (1981). The court finds that there are no exceptional circumstances that require appointment of counsel in this case as the plaintiff has not stated claims which would entitle her to relief. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1985); Waller v. Butkovich, 584 F. Supp. 909, 948 (M.D.N.C. 1984). With respect to this civil action, the plaintiff even failed to submit any statement of the case, as she did with her other two cases, such that the court could even review for a claim. Even though the plaintiff has not specifically brought this motion with respect to civil action numbers 2:05cv247 and 2:05cv274, the court finds, for the same reasons, that court-appointed counsel for these cases is not warranted.

## III. Conclusion

A court may, on its own initiative, dismiss a civil complaint for failing to state a claim. See Mobley v. Rudez, 1997 U.S. App. Lexis 836, at *1 (4th Cir. 1997) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 301 (2d ed. 1990)). The court does not take such a measure lightly, nor without a searching review of the record in these proceedings. This decision is based solely on the plaintiff's continued failure to allege a sufficient factual basis for any conclusory legal claims, and the court's inability to ascertain any cognizable legal claims from the plaintiff's remaining factual contentions.

Neither does the court make this decision in a vacuum. The court has provided the plaintiff with notice of the proposed dismissal and an opportunity to be heard in response. See Mobley, id., at *1-2 (citing Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1184-85 (7th Cir. 1989)). The court has also advised the plaintiff on at least two occasions with reference to the instant cases, and in a number of orders in reference to her bankruptcy appeal in civil action

number 2:05cv110, that the plaintiff's haphazard and incoherent manner of filing documents has caused the court great difficulty in attempting to ascertain the outlines of her claims. Thus, the plaintiff has had a number of opportunities to rectify the deficiencies in her pleadings and to come forward with actionable claims for relief.

Even considering the documents submitted by the plaintiff and received by the court on August 8, 2005, and the untimely filed but far better organized response received on August 9, 2005, the court is still unable to identify the outlines of any definable cause of action or claim for relief based on such conclusory legal allegations or factual allegations that are not tied to a cognizable legal claim. The court simply cannot accept the plaintiff's unsupported legal conclusions, Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989), her legal conclusions couched as factual allegations, Papasan v. Allain, 478 U.S. 265, 286 (1986), or her conclusory factual allegations devoid of any reference to actual events or to any legal claim. Hirst, 604 F.2d at 847.

As it is clear to the court that no relief may be granted under any set of facts that could be proved consistent with the allegations in the plaintiff's submissions, dismissal under Rule 12(b)(6) is proper. See Fed. R. Civ. P. 12(b)(6); Randall v. United States, 95 F.3d 339, 343 (4th Cir. 1996). Accordingly, and for the reasons more fully stated in the order entered on July 27, 2005, and with reference to the court's prior order of May 18, 2005 in the instant cases and the July 26, 2005 order of this court in civil action number 2:05cv110, the court **ORDERS** that civil action numbers 2:05cv238, 2:05cv247 and 2:05cv274 be **DISMISSED**. The plaintiff's motion for court-appointed counsel in civil action number 2:05cv238 is **DENIED**. Assuming that the plaintiff in any way intended the motion for court-appointed counsel to extend to civil action

numbers 2:05cv247 and 2:05cv274, this motion is also **DENIED**.

This is a Final Order of Judgment in these cases.  Accordingly, the Court **ADVISES** the pro se appellant that she may appeal from this Order of dismissal and the previous denial of her motions to proceed in forma pauperis on appeal within thirty (30) days of the date of this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.

The Clerk's Office is **REQUESTED** to send a copy of this Order to the pro se plaintiff. The Clerk is also **DIRECTED** to file and make a part of the record in each case a complete copy of the documents received from the appellant on August 8, 2005 and to file and make a part of the record in each respective case, the documents submitted by the plaintiff on August 9, 2005 that coincide with the corresponding civil action number.  The original set of the August 8, 2005 documents is to be filed with the record in the plaintiff's bankruptcy appeal, Civil Action Number 2:05cv110.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 12th, 2005